Andrew V. Lalonde, Esq. Informal Opinion Corporation Counsel No. 95-12 City of Auburn Memorial City Hall 24 South Street Auburn, N Y 13021-3832
Dear Mr. Lalonde:
You have asked whether a member of the City of Auburn fire department may also serve as a member of the city council.
First, I suggest that you review the city charter to determine whether there is any prohibition on the holding of these two positions. In the absence of a statutory prohibition, the question remains whether the positions are compatible under the common law rule of compatibility of office.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryancase is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
The city council, as the legislative body of city government, has responsibility for the preparation and adoption of the city budget which includes the budget of the fire department. You informed us that the council has line item approval power. Therefore, the council has extensive control over the salary and benefits of firefighters and the purchase of supplies and equipment for the fire department. The councilperson would determine his own salary and benefits and those of his co-workers in the fire department.
In making these funding determinations, the city council must weigh the needs of all city departments. As a member of the city fire department, in our view the councilperson would have divided loyalties in determining the allocation of funds to city departments. Because of these considerable conflicts, recusal is not an effective remedy.
We distinguish a prior opinion of this office in which we found that recusal was a sufficient remedy for village trustees who also serve as volunteer firefighters. Informal Opinion No. 91-21. In that case, the volunteer firefighters were affiliated with an independent volunteer fire company which received funding from the village.
We conclude that the positions of member of the city council and city firefighter are incompatible.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions